## TROJAN DEVELOPMENT CO. v. STANDARD OIL CO. (INDIANA).

### No. 2285.

District Court, S. D. Illinois, S. D.

Feb. 1, 1941.

Brown, Hay & Stephens, of Springfield, Ill., and Thomas Hart Fisher, Frank J. Foley, and Wilkinson, Huxley, Byron & Knight, all of Chicago, Ill., for plaintiff.

Gillespie, Burke & Gillespie, of Springfield, Ill., and Bruce K. Brown, Donald E. Payne, and Pike Sullivan, Lynn A. Williams, and Williams, Bradbury, McCaleb & Hinkle, all of Chicago, Ill., for defendant.

BRIGGLE, District Judge.

1. The plaintiff, Trojan Development Company, is a corporation of Delaware.

2. The defendant, Standard Oil Company (Indiana), is a corporation of Indiana, having a regular and established place of business and operating a refinery at Wood River, Illinois, in the Southern Division of the Southern District of Illinois, where the alleged infringing acts have taken place.

3. From and after October 20, 1937, the plaintiff has been and now is the owner of the entire right, title and interest in and to the Crawford Letters Patent of the United States No. 1,325,665, No. 1,325,667 and No. 1,439,728, together with all rights to sue for and collect any and all claims and demands for damages or profits which have accrued both prior and subsequent to October 20, 1937, on account of infringement of said Letters Patent, and each of them.

4. For its charge of infringement by the process and with the refrigerant exemplified by those used at defendant's Wood River, Illinois, propane dewaxing plant, as described and set forth in the diagram and description constituting part of Plaintiff's Exhibit 5, plaintiff relies on claims 1 to 4, inclusive, of Letters Patent No. 1,325,667 and claims 1 and 2 of Letters Patent No. 1,439,728.

5. Plaintiff has withdrawn its charge of infringement of Letters Patent No. 1,325,665.

6. Plaintiff distinguishes the Crawford patents from the prior art by Crawford's use of substantially pure propane—at least much more nearly pure than had been previously used; Crawford may have

made a more practical use of propane than others previously had made, but the scientific principles involved had long before been discovered and announced, and what Crawford did involved only a difference in degree from what others had done.

7. The array of prior art patents and publications in evidence has thoroughly and convincingly shown that the teachings of Crawford were well known to science prior to 1918 and were but variations of previously disclosed principles, and do not constitute inventive genius over the prior art.

8. Crawford patents 1,325,667 and 1,439,728 are invalid for lack of invention when viewed in the light of the teachings prior to 1918.

9. Crawford patents 1,325,667 and 1,439,728 are invalid by reason of anticipation as disclosed in Vander Weyde (U.S.) No. 72,431, Wolf (U.S.) No. 1,064,272, and others.

10. The relative efficiency of propane and other refrigerants was gone into at great length at the hearing, because this seems to have been a factor given considerable weight by the Patent Board of Appeals; and while this becomes less important in view of my findings, the Laverty tests are more convincing than those that were before the Patent Board.

11. The process and materials used by defendant in its dewaxing plant are the equivalents of those described by Crawford in patents 1,325,667 and 1,439,728; and, if valid, such patents would be infringed.

Conclusions of Law.

1. This Court has jurisdiction over the parties and the subject matter of this suit.

2. Claims 1 to 4, inclusive, of Crawford Letters Patent No. 1,325,667 and claims 1 and 2 of Crawford Letters Patent No. 1,439,728 are invalid.

3. If valid, Crawford Letters Patent Nos. 1,325,667 and 1,439,728 would be infringed by defendant in its dewaxing plant at its Wood River refinery.

4. Plaintiff having withdrawn its charge of infringement of Crawford Letters Patent No. 1,325,665 by the process and materials used by defendant in its dewaxing plant at Wood River, as set forth in plaintiff's Exhibit 5, it is unnecessary to pass upon the question of the validity of Crawford Letters Patent No. 1,325,665.

5. The complaint herein will be dismissed for want of equity.

6. The defendant is entitled to recover its taxable costs.